# In the United States Court of Federal Claims

|   |   |
|---|---|
| JON BOE,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>    *Defendant.* | No. 24-0408<br>(Filed: March 20, 2024) |

*Jon Boe*, *pro se*, Sacramento, CA.

**OPINION AND ORDER**

**LERNER**, *Judge*.

  Plaintiff Jon Boe, proceeding pro se, filed a Complaint in this Court on March 11, 2024. Compl., Dkt. No. 1. He alleges that several California state agencies, the U.S. Postal Service, and the Office of Personnel Management unlawfully impounded his "horseless carriage." *Id.* at 17–18. Mr. Boe claims that the seizure of his property constituted "constructive fraud" and a taking without just compensation. *Id.* at 18. He seeks punitive damages and injunctive relief. *Id.* at 18–19. For the reasons below, Plaintiff's Motion to Proceed in Forma Pauperis is **GRANTED** and his Motion to Proceed Under Seal is **DENIED**. Lastly, the Complaint is **DISMISSED without prejudice** because this Court lacks jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1491.

## I. Background

  On March 3, 2020, a Sacramento police officer stopped Mr. Boe for an alleged traffic violation. Compl. at 17. The officer asked for his driver's license. *Id.* Because Mr. Boe does not have a license, the Sacramento Police Department confiscated his vehicle. *Id.* Plaintiff states that the police refused to release his property until he provided valid California driver's license and registration and paid a $10,000.00 fee. *Id.* at 18.

## II. Motion to Proceed in Forma Pauperis

  Mr. Boe requests that the Court allow him to litigate his claim without paying the required filing fees. Mot. for Leave to Proceed in Forma Pauperis ("IFP Mot."), Dkt. No. 2. Under 28 U.S.C. § 1915(a)(1), plaintiffs can proceed in forma pauperis when they are "unable to pay" these fees. "[T]he threshold for [an IFP motion] is not high," but Plaintiff must support his request with an affidavit providing enough information that shows his eligibility for this status. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); 28 U.S.C. § 1915(a)(1). The Court has the discretion to decide based on the submitted information whether "paying such fees would constitute a serious hardship on the plaintiff." *Fiebelkorn*, 77 Fed. Cl. at 62.

Plaintiff has shown that he is unable to pay the fees.  In his application, Mr. Boe states that he has not received any income from employment, rent, pensions, gifts, and other sources in the last year.  IFP Mot. at 2.  Each month, he uses $290.00 in "store credits" for food and spends $47.00 on a monthly utility bill.  *Id.* at 3.  Thus, because Mr. Boe notes insufficient income and assets relative to his expenses, the Court grants his request to proceed without paying the filing fees.

### III.     Motion to Proceed Under Seal

In the Complaint, Plaintiff requests that the documents here be held under seal.  Compl. at 12.  He also used a pseudonym when filing this Complaint.  *Id.*  However, the Complaint does not include sensitive information as listed under Rule 5.2 of the Rules of the Court of Federal Claims ("RCFC").  RCFC 5.2(a) (listing examples such as an individual's social security number, taxpayer identification number, birthdate, minors' names, or financial account number).  There is also a "strong presumption of public access to court proceedings and records."  *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011).  The Court may seal documents "if the public's right of access is outweighed by competing interests."  *Black v. United States*, 24 Cl. Ct. 461, 464 (1991); *DNC Parks & Resorts at Yosemite, Inc. v. United States*, 127 Fed. Cl. 435, 438 (2016).

Plaintiff bears the burden of showing that good cause exists for restricting the disclosure of the information here, such as by demonstrating that "specific prejudice or harm will result if no protective order is granted."  *In re Violation*, 635 F.3d at 1357.  Mr. Boe only broadly claims that sealing this case would "circumvent unwarranted invasion of personal privacy."  Compl. at 12.  He also generally alludes to the possibility of "future torts (committed by unknown persons)."  *Id.*  This reasoning does not constitute good cause, and the public interest outweighs his speculative privacy concerns.  Plaintiff's Motion to Proceed Under Seal is thus denied.

### IV.     Subject-Matter Jurisdiction

Plaintiffs must establish subject-matter jurisdiction for the Court of Federal Claims to hear their claims.  *Kissi v. United States*, 493 Fed. App'x 57, 58 (Fed. Cir. 2012).  Pro se litigants are generally "h[e]ld to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, pro se plaintiffs must establish proper jurisdiction.  *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) ("In other words, the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.").  The Court can also examine on its own whether subject-matter jurisdiction exists.  *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *see* RCFC 12(h)(3).

This Court has no jurisdiction over Mr. Boe's claims because they either 1) allege violations by state agencies and officials; 2) fail to state a Fifth Amendment takings claim; or 3) sound in tort.  First, most of the named defendants are California state agencies or officials.  Compl. at 18.  The Court lacks jurisdiction over claims against state and local agencies.  *Austin v. United States*, No. 2023-1541, 2024 WL 111249, at *2 (Fed. Cir. Jan. 10, 2024); *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015).

Second, to the extent that Mr. Boe claims that the United States violated his Fifth Amendment rights, he fails to state a valid takings claim because Plaintiff alleges that the Government's purported seizure of his property was unlawful and the property taken was not for public use.  Generally, a claim for just compensation falls within this Court's jurisdiction.  That said, the disputed seizure must be lawful to constitute a cognizable Fifth Amendment claim. *Rudzavice v. United States*, No. 23-829-C, 2023 WL 6296610, *3 (Fed. Cl. Sept. 27, 2023) (citing *Florida Rock Indus., Inc. v. United States*, 791 F.2d 893, 898 (Fed. Cir. 1986)).  Mr. Boe claims that his vehicle was fraudulently impounded.  Compl. at 18.  This prevents Plaintiff from establishing jurisdiction.  *See Perry v. United States*, No. 2020-2084, 2021 WL 2935075, at *3 (Fed. Cir. July 13, 2021) (affirming dismissal of a takings claim because the plaintiff "maintain[ed] that the government's action was not valid").

Moreover, only owners of property taken by the Government for public use are entitled to just compensation.  *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1152 (Fed. Cir. 2008).  The Federal Circuit has read the term "public use" narrowly in cases involving the Government's police power.  *See, e.g.*, *id.* at 1153–55; *Jones v. United States*, 440 Fed. App'x 916, 918 (Fed. Cir. 2011).  Mr. Boe admits that he drove without a license and the police officer stopped him for an alleged traffic violation.  Compl. at 17.  Then, the police confiscated his vehicle—in accordance with its power to keep unlicensed drivers off public roads, rather than taking it for public use.  *Id.*; *Patty v. United States*, 136 Fed. Cl. 211, 213-14 (2018) (defining an exercise of police power as an act "to prevent a harm to the public") (citing *Morton Thiokol, Inc. v. United States*, 4 Cl. Ct. 625, 630 (1984)).  As such, Mr. Boe's property deprivation does not entitle him to just compensation.  *See Kam–Almaz v. United States,* 682 F.3d 1364, 1371 (Fed. Cir. 2012).

Finally, even if Mr. Boe cured these two flaws in his takings claim, he contends that the Government committed "constructive fraud" by impounding his vehicle.  Compl. at 18.  This Court lacks jurisdiction over fraudulent takings claims "because they are actions allegedly 'grounded upon fraud' that 'sound in tort.'" *Patterson v. United States*, 809 F. App'x 1008, 1009–10 (Fed. Cir. 2020); *see* 28 U.S.C. § 1491(a)(1) (limiting the jurisdiction of the Claims Court to "cases not sounding in tort").  Because Mr. Boe identifies no other basis for this Court's jurisdiction over his claim, the Court must dismiss his Complaint.  RCFC 12(h)(3).

### V.     Conclusion

For the above reasons, Plaintiff's Motion to Proceed in Forma Pauperis is **GRANTED**.  His Motion to Proceed Under Seal is **DENIED**.  Finally, the Complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge